ELECTRONICALLY FILED - 2019 May 30 4:14 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4003003

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF RICHLAND | FOR THE FIFTH JUDICIAL CIRCUIT |

| | |
|---|---|
| Ann Finch, Individually and as Executor of the Estate of Franklin Finch,<br>                           Plaintiff,<br>v.<br>Sentry Casualty Company; United States Fidelity and Guaranty Company; Zurich American Insurance Company; Peter Protopapas as Court Appointed Receiver for Covil Corporation, and Wall, Templeton & Haldrup, P.A.;<br>                          Defendants. | Civil Action No:<br><br>**SUMMONS**<br>(Jury Trial Demanded) |

TO DEFENDANTS ABOVE-NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Second Amended Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your answer to this complaint upon the Plaintiffs' counsel, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service. If you fail to answer the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

Respectfully submitted,
/s/ *Theile B. McVey*
Theile B. McVey (SC Bar 16682)
**KASSEL MCVEY, ATTORNEYS AT LAW**
1330 Laurel Street
Columbia, South Carolina 29202-1476
T: 803-256-4242
F: 803-256-1952
tmcvey@kassellaw.com
Other email: emoultrie@kassellaw.com

Jonathan M. Holder (SC Bar 77935)
**DEAN OMAR BRANHAM SHIRLEY, LLP**
302 N. Market Street, Suite 300

ELECTRONICALLY FILED - 2019 May 30 4:14 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4003003

Dallas, Texas 75202
T: 214-722-5990
F: 214-722-5991
jholder@dobslegal.com
Other email: tgilliland@dobslegal.com
**ATTORNEYS FOR PLAINTIFFS**

May 30, 2019
Columbia, South Carolina.

ELECTRONICALLY FILED - 2019 May 30 4:14 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4003003

| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
|---|---|
| COUNTY OF RICHLAND | FOR THE FIFTH JUDICIAL CIRCUIT |
| Ann Finch, Individually and as Executor of the Estate of Franklin Finch,<br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>Sentry Casualty Company; United States Fidelity and Guaranty Company; Zurich American Insurance Company; Peter Protopapas as Court Appointed Receiver for Covil Corporation, and Wall, Templeton & Haldrup, P.A.;<br>　　　　　　　　　　　　Defendants. | Civil Action No:<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br>(Jury Trial Demanded) |

COMES NOW Ann Finch, individually and as the executor of the estate of Franklin Finch, by and through her attorneys, and for her complaint, who alleges upon knowledge as to her own acts and upon information and belief as to all other matters as follows:

## INTRODUCTION

Covil Corporation ("Covil"), a South Carolina company founded on selling asbestos insulation throughout South Carolina and the southeast, began its corporate life in 1954. In 1993, Covil Corporation, after the death of its founder Palmer Covil from mesothelioma[1], understanding it had sold asbestos all over South Carolina and the immense implications for the health of workers of South Carolina, quietly dissolved its corporate existence leaving behind only insurance coverage. Between 1993 and 2018, Covil's insurance carriers and their lawyers, without a representative of the insured or client, appeared for Covil, answered Covil's lawsuits, decided how to defend the suits, what representations to make to court and counsel, answered discovery for Covil (making factual representations), determined how and when to make settlement offers, if any were made at all, and how, if at all, to respond to demands. In essence, Covil's insurers and their lawyers were Covil, put the coffee on in the morning and turned the

---

[1] [M]esothelioma, [is] an "invariably fatal cancer...for which asbestos exposure is the only known cause..." *In re Patenaude*, 210 F.3d 135, 138 (3d Cir.), cert. denied, 531 U.S. 1011 (2000)

lights off when they left and made every decision for Covil in between.

The Plaintiff here brought claims for the wrongful death of her husband in the U.S. District Court for the Middle District of North Carolina. The Plaintiff demanded that Covil tender its policy limits to resolve the case. Covil's carriers and lawyers determined that no such offer would be tendered, indeed, the Alter-Egos refused to even identify the policy amounts. After several weeks of trial, the jury found Covil responsible and the resulting judgment is $35,582,365.99, inclusive of prejudgment interest. This judgment continues to accrue post judgment interest. Despite never having revealed this fact at or before trial, Covil, through its carriers now contends that it has only $2.6 million in available coverage for this case.

Covil's lawyers and carriers have assumed the mantle of Covil. For nearly thirty years, they have acted for and as the company with no regard to the desires or wishes of their insured. The result is that they are the alter-egos of Covil and are responsible for all of the debts it has and continues to incur, including the Finch judgment.

## PARTIES

1. Plaintiff is Ann Finch, individually and as executor of the estate of Franklin Finch. She resides at 5301 Boswellville Road, Wilson, North Carolina, 27893.

2. Peter Protopapas is a lawyer who was appointed as Receiver of Covil Corporation, a dissolved South Carolina corporation, by Order attached as <u>Exhibit 1</u>, on November 2, 2018 and who maintains his principal place of business in Richland County, South Carolina.

3. Wall Templeton & Haldrup, P.A. ("Lawyers") is a professional association organized and existing in the state of South Carolina with its principal place of business in Charleston, South Carolina.

4. Sentry Casualty Company ("Sentry") is an insurance company, operating as a corporation organized and existing under the laws of the State of Wisconsin with its principal place of business in the State of Wisconsin.

2

5. United States Fidelity and Guaranty Company ("USF&G") is an insurance company, operating as a corporation organized and existing under the laws of the State of Connecticut with its principal place of business in the State of Connecticut. USF&G is a wholly-owned subsidiary of The Travelers Group of Insurance Companies.

6. Zurich American Insurance Company ("Zurich") is an insurance company, operating as a corporation organized under the laws of the State of New York with its principal place of business located in the State of Illinois. Zurich is the successor by merger to Maryland Casualty Company and Northern Insurance Company of New York. Zurich American is a wholly- owned subsidiary of the Zurich Group of Insurance Companies.

7. Sentry, Zurich, and USF&G are collectively referred to as the "Primary Insurers" and collectively with the "Lawyers" as the "Alter-Egos"

## JURISDICTION AND VENUE

8. The Court has subject matter jurisdiction over plaintiff's claims for relief as the actions and omissions occurred in this County.

9. Venue of this case is proper in Richland County.

## FACTUAL BACKGROUND

10. Covil was an installer of thermal insulation, including thermal insulation which at certain times contained asbestos.

11. Covil conducted these operations from at least 1964 until approximately 1991, after which Covil ceased to conduct business operations and, in 1993 ultimately, dissolved. Covil's operations from 1964 through at least 1986 included the installation, repair, replacement, removal or disturbance of thermal insulation and other building materials and that those operations exposed persons to asbestos who thereby suffered bodily injury (the "Asbestos Allegations").

3

ELECTRONICALLY FILED - 2019 May 30 4:14 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4003003

12. The alleged bodily injury resulting from the Asbestos Allegations has resulted in claims and lawsuits against Covil ("Covil Asbestos Suits") and in the resulting judgment which underlies this present action (the "Finch Judgment").

13. From at least in or about 1991, until the appointment of the Receiver, on November 2, 2018, the defense of the Covil Asbestos Suits was controlled by the Primary Insurers, specifically defendants Zurich American Insurance Company ("Zurich"), Sentry Casualty Company ("Sentry") and United States Fidelity and Guaranty Company ("USF&G") and their prior lawyers. Moreover, on and after 1991, the Primary Insurers conducted all of Covil's affairs, including after Covil was dissolved, extending until appointment of the Receiver.[2] Since their hiring, the Lawyers have also exerted control and domination of Covil sufficiently to qualify them as Alter-Egos.

14. The Primary Insurers issued insurance policies to Covil from about 1964 until approximately 1978.

15. From at least in or about 1991, continuing until appointment of the Receiver, Zurich, Sentry, and USF&G, in conjunction with their lawyers and the Lawyers, managed Covil, making all determinations as to use and the disposition of Covil's assets which consisted primarily of corporate documents and insurance policies.

16. The Primary Insurers, and as of 2018, the Alter-Egos made all determinations as to the disposition of Covil Asbestos Suits as well as the treatment and characterization of claims under the Covil insurance policies.

17. Since as early as approximately 1991, the Primary Insurers in conjunction with their lawyers and, as of their hiring, with their Lawyers, acted in concert for the common purpose of ensuring that there was no independent person or entity acting by or on behalf of Covil. The Alter-Egos and prior to 2018, the Primary Insurers and their Lawyers, determined that the

---

[2] For reasons set forth herein, the appointment of the receiver does not alleviate the obligations of the Alter-Egos as it relates to Covil's current and future debts.

4

only Covil that could exist would be a Covil that was for all purposes the Primary Insurers' alter ego, and/or controlled entity.

18. The Primary Insurers and their lawyers and, as of 2018, the Lawyers effectuated their common purpose of exclusive, unilateral control of Covil by running Covil's affairs in all material aspects.

19. At no time did the Primary Insurers and their lawyers and, as of 2018, the Lawyers, make efforts to appoint an independent person or entity to determine what was in Covil's best interest. Rather, the Primary Insurers and their lawyers and, as of 2018, the Lawyers, unilaterally determined what was best for Covil, or disregarded what was best for Covil, acting in their own interest, regardless of whether there was an actual or potential conflict between their interest and Covil's interest.

20. Each of the Primary Insurers' actions on behalf of Covil was for the purpose of protecting the Primary Insurers rather than Covil.

21. Each of the Lawyers actions on behalf of Covil was for the purpose of earning a fee from the Primary Insurers rather than protecting Covil.

22. In addition to controlling the assets and affairs of Covil, the Primary Insurers unilaterally hired agents for Covil, including experts and a professional 30(b)(6) witness to act as and on behalf of, and to constitute Covil, de facto or de jure.

23. The Primary Insurers are required to act in good faith and to engage in fair dealing in all of their actions in regards to Covil.

24. The Lawyers are required to exercise loyalty to Covil, and not the insurance companies that pay their bills. Statements made in open court by Mark Wall, name partner in the Lawyers' firm, demonstrates that the Lawyers did not understand, much less adhere to this requirement. During a hearing on the issue on February 21, 2019, Mark Wall stated:

5

```
        THE COURT:  Those kind of things you have got
to provide, Mr. Wall.
        MR. WALL:  Under what theory, Your Honor?
        THE COURT:  I have appointed these people as
receivers for Covil.
        MR. WALL:  Yes, Your Honor.
        THE COURT:  Covil is your client.  They stand
in the shoes of Covil.
        MR. WALL:  Are they my client, Your Honor?
        THE COURT:  Sir?
        MR. WALL:  Are they my client?
        THE COURT:  Covil is your client.
        MR. WALL:  No, Your Honor, are they my client?
That is the issue.
        THE COURT:  Yes, they are your client because
they are the receiver for Covil.
        MR. WALL:  So I now have attorney-client
privilege with them?
        THE COURT:  That's right.
        MR. WALL:  And that is protected by the Court?
        THE COURT:  Yes, sir.
        MR. WALL:  As long as --
        THE COURT:  And I get why you want that
protection.  I'm not saying this in a hostile way
```

25. In South Carolina, when an insurer hires an attorney to represent its insured, an attorney-client relationship arises between the attorney and the insured, i.e., the insured client of the attorney. Pursuant to that relationship, the attorney owes the insured client—not the insurer—a fiduciary duty. The loyalties of the attorney may not be divided.

26. Lawyers were hired to protect Covil's interest but became part of the Primary Insurers' scheme to run Covil as an effective subsidiary, agency or alter ego of the Primary Insurers. Lawyers followed the Primary Insurers' instructions and together with the Primary Insurers acted as Covil.

27. The attorney's conduct of litigation involving an insured client is also governed by established law. See, e.g., Rule 1.8(f), RPC, Rule 407, SCACR ("A lawyer shall not accept

ELECTRONICALLY FILED - 2019 May 30 4:14 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4003003

compensation for representing a client from one other than the client unless: ... (2) there is no interference with the lawyer's independence of professional judgment or with the client-lawyer relationship; ...."); Rule 5.4(c), RPC, Rule 407, SCACR ("[a] lawyer shall not permit a person who recommends, employs, or pays the lawyer to render legal services for another to direct or regulate the lawyer's professional judgment in rendering such legal services").

28. Lawyers by acting for Covil when Covil was in no position to act for itself stood in the shoes of Covil and became, in conjunction with the Primary Insurers, Covil's Alter Ego.

29. Lawyers failed to ensure proper procedures were in place for Covil to express its interests including but not limited to the procedures provided by

30. S.C. Code Ann. § 15-65-10 and Rule 66, SCRCP; therefore, Lawyers simply made decisions, in conjunction with the Primary insurers about how to handle the litigation. The result of the Alter-Ego's actions were to effectuate the Primary Insurers' desire that no Covil separate and apart from the Alter-Egos would exist.

31. The Alter-Egos' complete control over Covil, and management of Covil's affairs, including but not limited to the Covil asbestos suits, extended to the underlying Finch suit.

32. Prior to the appointment of the Receiver, the Alter-Egos unilaterally determined that Covil would not resolve the Finch suit for policy limits. Indeed, the Alter-Egos refused to reveal to the Finchs the amount of available insurance. The result is the Covil, at the direction of the Alter-Egos was exposed to a judgment many more times than their alleged liability under the insurance policies.

33. Asbestos litigation is littered with the bodies of those who made and sold asbestos containing insulation. Some of the largest companies in the world, many of them insured by the Primary Insurers, have gone bankrupt because of the harm asbestos insulation causes. That any reasonable person believed that Covil would not be found liable in amounts far exceeding the claimed liability limits of the Primary Insureds is difficult to fathom.

ELECTRONICALLY FILED - 2019 May 30 4:14 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4003003

34. By way of example only, some communications between the Alter-Egos demonstrate how the Alter-Egos ran Covil. The pertinent communications include:

| Date | From | To/CC | Subject | Key points of email |
|---|---|---|---|---|
| 10/9/18 3:46 pm | Mark Wall | Irene Muse; Barb Davis; Steven Fries; Gerry Begley; John Weiss; Carol Weill; William Silverman; Pauline Burdin | New cases | Covil has been named in at least two new cases, but we have no Notice of Service. I'm assuming we need to be served before appearing. Agree. |
| 10/18/18 1:49 pm | Mark Wall | Irene Muse Barb Davis; Steven Fries; Gerry Begley; John Weiss; Carol Weill; William Silverman; Pauline Burdin | New trial etc. / new cases | Unserved case Hill set for March; depo scheduled; recommend not appear. |
| 10/19/18 9:07am | Barb Davis | Mark Wall Irene Muse Steven Fries Gerry Begley John Weiss Carol Weill William Silvernman Pauline Burdin Sarah Schrodetzki Tommy Boger | New cases | Do we really think we would not be served at some point? If we had already been served, would still recommend not attending the plaintiff deposition? |
| 10/22/18 3:47pm | Mark Wall | Irene Muse Barb Davis Steven Fries Carol Weill | FW James Michael Hill v. Advance Auto Parts Amended NOD of James Michael Hill | FYI see attached communications. |
| 10/22/18 3:57pm | Carol Weill | Barb Davis Mark Wall Irene Muse Steven Fries Gerry Begley John Weiss William | New cases | Request for response to inquiries. |

8

ELECTRONICALLY FILED - 2019 May 30 4:14 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4003003

| | | Silverman Pauline Burdin Sara Schrodetzki Tommy Boger | | |
|---|---|---|---|---|
| 10/23/18 2:07pm | Mark Wall | Carol Weill; Barb Davis; Irene Muse Gerry Begley John Weiss William Silverman Pauline Burdin Steven Fries travelers Sara Schrodetzki Tommy Boger | Covil unserved cases | Maybe Jim stopped accepting service. If we get served later, and Hill is still alive, we re-depose him. If we were served, we should attend; however, we checked the docket and there was no proof of serviced filed. |
| 10/23/18 4:15pm | Carol Weill | Mark Wall Barb Davis Irene Muse Steven Fries Gerry Begley John Weiss William Silverman Pauline Burdin Sara Schrodetzki Tommy Boger | Covil Unserved cases | Zurich would recommend that Mark not appear for depositions in cases where service has not yet been effectuated. |
| 10/31/18 3:57pm | Mark Wall | Irene Muse Steven Fries Carol Weill Barb Davis Gerry Begley John Weiss Pauline Burdin | FW Hill and email from Theile asking about answers | It didn't take them very long to figure out. What response at this point? |

35. Defendants acted in concert when deciding what actions to take or not take and without any input from an independent Covil. These actions were in breach of their duties to Covil.

### FOR A SEVENTH CAUSE OF ACTION
**Primary Insurers Are Fully Responsible for Conduct Prior To November 2, 2018, As Covil's Alter Ego, Agency or Instrumentality**

1. Plaintiff re-alleges and incorporates by this reference the preceding paragraphs of this

9

complaint as if fully set forth herein.

2. Primary Insurers' pattern and practice has made the Primary Insurers fully responsible for all of Covil's liabilities prior to appointment of the Receiver.

3. Under a number of legal theories, Primary Insurers are Covil and acted as for nearly 30 years.

4. Primary Insurers have entered into a joint venture with each other to take over Covil and become Covil. For example:

   a. A special combination of the Primary Insurers and Covil for the specific venture of limiting or eliminating Covil as a direct voice in the management of Covil's assets so that the Primary Insurers would protect and save their money;

   b. The retention of a separate corporate personality for Covil would promote fraud, wrong, injustice and contravene public policy; and.

   c. Each Primary Insurer had an equal right to control the conduct of their joint venture and of Covil.

5. Covil has become the alter ego of the Primary Insurers:

   a. The Primary Insurers have shown a total domination and control over Covil;

   b. The domination was so complete that Covil never manifested separate corporate interests of its own and functioned solely to achieve the purposes of the Insurers;

   c. The insurers misused their domination of Covil and were not entitled to dominate Covil; and.

   d. Inequitable consequences have resulted with the unilateral application of insurance proceeds, default judgments, and verdicts.

6. The Primary Insurers were the principals and Covil the agent or agency:

   a. Primary Insurers manifested complete control over Covil and purported to act on Covil's behalf;

   b. The course of dealing between the principal and the agent clearly show no independent Covil; and

10

ELECTRONICALLY FILED - 2019 May 30 4:14 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4003003

    c. Primary Insurers became active participants in Covil rather than simply insurers.

7. Primary Insurers' acts and omissions satisfy the elements of Alter-Ego under South Carolina law and the requested finding by the Court is that the Primary Insurers are the Alter-Ego of Covil and thus, responsible for satisfying the Finch judgment.

8. As a direct and proximate result of the Insurers' acts and omissions, plaintiff is entitled to recover attorneys' fees and costs of this action as well as the Finch judgment from the Primary Insurers.

### FOR AN EIGHTH CAUSE OF ACTION
### Lawyers Are Fully Responsible for Conduct
### Prior To November 2, 2018, As Covil's Alter Ego, Agency or Instrumentality

1. Plaintiff re-alleges and incorporates by this reference the preceding paragraphs of this complaint as if fully set forth herein.

2. Lawyers in conjunction with the Primary Insurers acted to control and dominate Covil in such a way to ensure that Covil had no actual representation;

3. Lawyers in conjunction with the Primary Insurers acted intentionally to avoid the statutory procedures that would give Covil a voice in its representation, operation and defense.

4. The Lawyers' acts and omissions satisfy the elements of Alter-Ego under South Carolina law and the requested finding by the Court is that the Lawyers are the Alter-Ego of Covil and thus, responsible for satisfying the Finch judgment.

5. As a direct and proximate result of the Lawyers' acts and omissions, plaintiff is entitled to recover attorneys' fees and costs of this action as well as the Finch judgment from the Primary Insurers.

### FOR A NINTH CAUSE OF ACTION
### Primary Insurers Are Fully Responsible for Conduct
### After November 2, 2018, As Covil's Alter Ego, Agency or Instrumentality

1. Plaintiff re-alleges and incorporates by this reference the preceding paragraphs of this complaint as if fully set forth herein.

2. Because the Primary insurers, for nearly 30 years, have controlled Covil, they have made

ELECTRONICALLY FILED - 2019 May 30 4:14 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4003003

Covil's defense of asbestos litigation nearly, if not completely, impossible.

3. The Primary insurers took no steps to accumulate or preserve Covil's documents. The Primary Insurers took no steps to procure or preserve the testimony of material fact witnesses who, through the passage of time, are now no longer available to Covil.

4. The result of these failures is that Covil is now irretrievably defenseless in asbestos cases. These failures will continue to haunt Covil at all times going forward. Because of this, the Primary insurers can now no longer claim that any control or domination of Covil and the damages resulting therefrom ended in November of 2018 with the appointment of the receiver.

5. Plaintiffs therefore seek a declaratory judgment that the Primary Insurers are the Alter-Ego of Covil after November 2, 2018 as well as before.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully prays for a finding as a matter of law that the Alter-Egos are the Alter-Ego of Covil and are therefore responsible for the damages incurred by Covil, including, but not limited to, the *Finch* judgment, for the time periods prior to November 2, 2018 as well as the time periods after.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues.

Respectfully submitted,

*s/Theile B. McVey*
Theile B. McVey (SC Bar 16682)
**KASSEL MCVEY, ATTORNEYS AT LAW**
1330 Laurel Street
Columbia, South Carolina 29202-1476
T: 803-256-4242
F: 803-256-1952

ELECTRONICALLY FILED - 2019 May 30 4:14 PM - RICHLAND - COMMON PLEAS - CASE#2019CP4003003

tmcvey@kassellaw.com
Other email:  emoultrie@kassellaw.com


Jonathan M. Holder (SC Bar 77935)
**DEAN OMAR BRANHAM SHIRLEY, LLP**
302 N. Market Street, Suite 300
Dallas, Texas 75202
T: 214-722-5990
F: 214-722-5991
jholder@dobllp.com
Other email: tgilliland@dobllp.com

**ATTORNEYS FOR PLAINTIFFS**

May 30, 2019

Columbia, South Carolina.

13